## SOUTHERN COTTON OIL CO. v. CENTRAL OF GEORGIA RY. CO.

(Circuit Court of Appeals, Fifth Circuit.    December 21, 1915.)

### No. 2706.

1. PLEADING ☞37—PRESUMPTION AS TO FACTS NOT PLEADED.

In an action against a carrier for services in the wharfage and handling of goods, where neither the petition nor the agreed statement of facts, which was adopted as defendant's answer, showed that plaintiff was not the owner or shipper of the goods, it would be presumed that it was the shipper.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 87, 88; Dec. Dig. ☞37.]

2. CARRIERS ☞32—CHARGES—DISCRIMINATION—ALLOWANCES.

Under Comp. St. 1913, § 8569, requiring carriers subject thereto to file with the Interstate Commerce Commission, and print and keep open to public inspection, schedules showing all rates, fares, and charges, and stating all privileges or facilities granted or allowed, and all rules or regulations changing or affecting such rates, fares, and charges, a carrier cannot pay a shipper for the shipper's services in the wharfage and handling of goods, unless the charges therefor are specified in a duly published schedule or tariff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 83–85; Dec. Dig. ☞32.]

3. CARRIERS ☞30—CHARGES—SCHEDULES—CANCELLATION BY INTERSTATE COMMERCE COMMISSION.

Where a schedule filed by a carrier and specifying certain allowances for wharfage and handling was directed by the Interstate Commerce Commission, in a proceeding before it, to be canceled, the commission's decision eliminated such allowances from the filed tariff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 81; Dec. Dig. ☞30.]

4. CARRIERS ☞32—CHARGES—ACTIONS—RIGHT TO RECOVER.

Where, under a carrier's duly published schedule or tariff, it would have been a violation of law for it to voluntarily pay a shipper for the shipper's services in the wharfage and handling of goods, the shipper was not entitled to a judgment requiring the carrier to pay for such services.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 83–85; Dec. Dig. ☞32.]

Pardee, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. I. Grubb, Judge.

Action by the Southern Cotton Oil Company against the Central of Georgia Railway Company. Judgment for defendant (204 Fed. 476), and plaintiff brings error. Affirmed.

Geo. W. Owens, of Savannah, Ga., for plaintiff in error.

T. M. Cunningham, of Savannah, Ga., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge.    [1-4] Neither the petition in this case nor the agreed statement of facts, which was adopted as the defend-

ant's answer, shows that the plaintiff was not the owner or shipper of the goods for services of the plaintiff in the wharfage and handling of which at Savannah recovery was sought. The contrary not appearing, it may be presumed that the plaintiff was the shipper of the goods. The carrier was not entitled to pay the shipper for such services unless the charges therefor were specified in a duly published schedule or tariff. U. S. Comp. St. 1913, § 8569. It appears from the statement of facts that the only schedule ever filed by the defendant which specified this charge for wharfage and handling was one which, in a proceeding instituted by the defendant before the Interstate Commerce Commission, and before this suit was brought, was directed by that body to be canceled. The effect of that decision, which, so far as appears, has not been directly attacked, was to eliminate such allowances from the filed tariff. American Sugar Refinery Co. v. Delaware, L. & W. Ry. Co. (D. C.) 200 Fed. 652.

The case, then, is that of a shipper seeking to recover of a carrier for services in connection with a shipment for which no allowance is specified in a filed tariff. The plaintiff was not entitled to a judgment of the court requiring the defendant to pay for services, the payment for which voluntarily by it would be a violation of a statute. As the averments of the petition and the agreed statement of facts did not show that the plaintiff was entitled to recover any part of the amount sued for, it could not have been legally prejudiced by the action of the court in dismissing the petition.

It follows that the judgment should be affirmed.

PARDEE, Circuit Judge, not concurring.